**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **United States of America,** ) | |
| **Plaintiff,** ) | |
| ) | **No. 11 CR 745** |
| v. ) | |
| ) | **Judge Ronald A. Guzmán** |
| **David Gregory,** ) | |
| **Defendant.** ) | |

**MEMORANDUM OPINION AND ORDER**

For the reasons stated below, Defendant's request for compassionate release [53] is denied.

**STATEMENT**

Defendant seeks compassionate release due to Covid-19. "[A] judgment of conviction that includes . . . a sentence [of imprisonment] constitutes a final judgment" that can be modified in only certain enumerated circumstances. 18 U.S.C. § 3582(b). As is relevant here:

> [a] court, upon motion of the Director of the Bureau of Prisons [BOP], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable if it finds that (i) extraordinary and compelling reasons warrant such a reduction and that a reduction is "consistent with applicable policy statements issued by the Sentencing Commission."

*Id.* § 3582(c)(1)(A).

The government contends that Defendant has not exhausted his administrative remedies for compassionate release. Defendant points to an email he sent on April 7, 2020 to the Warden at FCI-Elkton, where Defendant is incarcerated, stating:

> I am 66 years old[.] I have mental health issues. I have a bank robbery with a note. No weapon was used. I only had one shot in 8 years. I have Hep C. And I've had a heart attack in 2012. I don't want to die[] in here from Cov-19. I have two years 4[]month[s] left on my sentence. Please send me home. Thank you for your help.

On April 21, 2020, the Warden responded: "You do not meet the criteria for placement on home confinement under the CARES Act due to your conviction for a crime of violence." According to Defendant, this exchange constitutes exhaustion for his compassionate-release request. The Court is not persuaded. As the government states in its response brief, there is a difference between a request for home confinement, which only alters the location of confinement, and one for compassionate release, which reduces a defendant's sentence. Only the BOP may place an individual on home confinement. *See United States v. Neeley*, 14 CR 0096, 2020 WL 1956126, at *2 (S.D. Ind. Apr. 23, 2020) (stating that defendant "asks the Court to allow her to serve the remainder of her sentence on home confinement, but the Court lacks the authority to grant that relief" because "the [BOP], not the Court, has the sole authority to prescribe home confinement post-incarceration [under 18 U.S.C. § 3624(c)]") (internal citation and quotation marks omitted). Defendant does not discuss what overlap, if any, exists between the factors the BOP considers in evaluating a request for home confinement versus a sentence reduction. The difference between the two requests, along with the recognition that the exhaustion requirement likely cannot be waived,[1] leads the Court to conclude that Defendant's email, which was interpreted by the Warden as a request for home detention, does not satisfy the statutory-exhaustion requirements for a sentence reduction.

Even assuming, however, that Defendant properly exhausted his administrative remedies, the Court would deny Defendant's request for compassionate release. As the government notes in its response, Defendant has already contracted and recovered from Covid-19. A May 2, 2020 Administrative Note by a nurse at FCI-Elkton, included as part of the government's response, states:

> Inmate Gregory was placed in isolation from 4/20/2020 – 5/1/2020 for positive COVID; completing the 10[-]day COVID isolation as recommended by the CDC. Inmate Gregory reported "chest tightness" on 4/21 and has been asymptomatic/fever free since that date. Inmate Gregory is now in the post-isolation unit.

(Sealed Ex., Dkt. # 58.) The Court is aware that FCI-Elkton has experienced one of the most intense outbreaks of coronavirus of any of the BOP facilities, and that the virus is contagious and spreads easily within a correctional facility. However, the BOP has enacted modified operations in order to quell the spread of Covid-19, including suspending social visits and internal inmate movements, enhancing health screenings, implementing modified operations to maximize social distancing, and suspending staff travel and training. *See* https://www.bop.gov/coronavirus/covid19_status.jsp (last visited June 4, 2020). Thus, in light of Defendant's recovery and the fact that he does not dispute that he is now asymptomatic and fever free, and does not point to any current health problems as a result of having contracted Covid-19, the Court finds extraordinary and compelling reasons do not exist to order a sentence reduction under § 3582(c)(1)A).

---

[1] *See United States v. Castaldi*, No. 09 CR 0059 (N.D. Ill.), 4/17/20 Order, Dkt. # 140 (analyzing the statutory language and Seventh Circuit precedent and concluding that the exhaustion requirement is not waivable).

      The Court's conclusion is buttressed by a consideration of the § 3553(a) factors. While the Court acknowledges that Defendant is 66 years old, suffers from certain ailments, and has served most of his sentence, other considerations dictate against release. As the parties noted at sentencing, Defendant has a long history of thefts dating back to 1974 and, prior to the instant incarceration, had contact with law enforcement on and off for 40 years. He has struggled with mental illness for many years, has been hospitalized or institutionalized approximately ten times, and when not able to stay on his prescribed medications, has turned to street drugs. Significantly, Defendant's current imprisonment is the result of numerous brazen bank robberies, which included several threats to kill bank employees.[2] These facts, as well as Defendant's criminal history, which placed him in the category of a career offender at sentencing, indicate to the Court that continued incarceration and institutional oversight are appropriate and necessary.

      The Court concludes that Defendant has not exhausted his administrative remedies. But even assuming arguendo that he did, the Court finds that extraordinary and compelling circumstances, particularly considered in light of Defendant's personal circumstances and criminal history, do not support granting Defendant's request for relief.

**Date**: June 5, 2020

                                                    _____
                                                   **Ronald A. Guzmàn**
                                                   **United States District Judge**

---

[2] As summarized by the government:

> Defendant robbed the same bank each time. He demanded money using notes that claimed he had a weapon and threatened the tellers with death. For example, he used notes that read:
>
> > • "Give me your money . . . . I swear I will kill you" (Dkt. 37 at 2);
> > • "I have gun & bomb in my bag . . . . Just put money on count[er] and walk away and we will all live another day" (*id*. at 3); and
> > • "I have a gun & bomb . . . . I will blow us up" (*id*. at 4).
>
> Defendant also made verbal threats. For example, during one robbery, defendant said words to the effect of, "Yes I have a gun. If you move I will shoot you." *Id*. at 5. And during another robbery, the teller reported seeing what she believed was the barrel of a gun in a folded newspaper that defendant was carrying. *Id*. at 2.

(Gov't's Resp., Dkt. # 55, at 2.)